**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Brian R. Chevalier

    v.                                                    Civil No. 07-cv-236-SM

State of New Hampshire[1]


**O R D E R**


Pro se petitioner Brian R. Chevalier has filed a petition

for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254,

challenging his New Hampshire state court conviction (document

no. 1).  The petition is before me for preliminary review.  See

Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules")

(requiring initial review to determine whether the petition is

facially valid); see also United States District Court for the

District of New Hampshire Local Rule ("LR") 4.3(d)(2)

(authorizing the magistrate judge to preliminarily review pro se

pleadings).

---

[1]As petitioner is in custody at the Northern New Hampshire
Correctional Facility ("NCF"), I construe the respondent to be
the Warden of the NCF.  See Habeas Rule 2 (where petitioner is in
custody pursuant to a state judgment, the state officer having
custody of the petitioner shall be named as respondent).

For the reasons stated below, I find that the petition does not at this time make a facially sufficient showing that Chevalier is entitled to relief.  I therefore order him to amend the petition to demonstrate exhaustion of each claim before I will direct that the petition be answered.

## Background

Convicted in October 2004 by the New Hampshire Superior Court (Cheshire County) of class B kidnapping, N.H. Rev. Stat. Ann. § 633:1, Chevalier was sentenced to a term of imprisonment. He is currently incarcerated at the NCF.  Following his conviction, he filed a direct appeal with the New Hampshire Supreme Court ("NHSC").  The issues raised in that appeal allegedly are not relevant to this action.  The NHSC affirmed his conviction on March 23, 2006.

Chevalier filed a motion for new trial with the superior court in which he raised the following issues and broadly cited to federal and constitutional law, including the Fifth, Sixth and Fourteenth Amendments to the United States Constitution:

1.   prosecutorial misconduct whereby the prosecution knowingly and maliciously used false and/or perjured testimony to obtain Chevalier's

conviction;[2] and

2.  denial of the Sixth Amendment right to effective
    assistance of counsel at trial when counsel failed
    cross-examine the complainant with regard to her
    false and/or perjured testimony.

The superior court denied his motion for new trial on May 8, 2006

and also denied his motion for reconsideration on June 8, 2006.

Subsequently, Chevalier filed a notice of discretionary

appeal with the NHSC.  While he has provided this court with a

copy of that appeal, the precise issues raised are not clearly

identified.  Chevalier maintains, however, that his appeal raised

issues identical to those presented in his motion for new trial.

The NHSC declined his appeal on August 18, 2006.

Chevalier now brings the instant petition in which he

alleges the following two grounds for federal habeas corpus

relief:

1.  prosecutorial misconduct whereby the prosecution
    knowingly used false and/or perjured testimony to
    obtain Chevalier's conviction, in violation of his
    Fifth and Fourteenth Amendment rights (Ground 1);
    and

2.  denial of effective assistance of counsel at trial
    when counsel failed to cross-examine the
    complainant with regard to her false and/or
    perjured testimony, in violation of Chevalier's

---

[2]Chevalier raised this claim in his reply to the state's
objection to his motion for new trial.

Sixth Amendment rights (Ground 2).

**Standard of Review**

In reviewing a pro se petition, this Court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

**Discussion**

I.   Custody and Exhaustion

To be eligible for habeas relief, Chevalier must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process).  See 28 U.S.C. § 2254(a) & (b); see also Duncan v. Henry, 513 U.S. 364, 365 (1995).  He satisfies the first requirement as he is currently incarcerated

at the NCF and thus is in custody.  However, Chevalier fails to
satisfy the second requirement because the petition does not
demonstrate that he has fully exhausted his state remedies with
regard to each claim.  Nor has he alleged any facts to suggest
that effective state court remedies are unavailable to him.

   A petitioner's remedies in New Hampshire are exhausted when
the State's highest court has had an opportunity to rule on the
petitioner's federal constitutional claims.  See Lanigan v.
Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S.
1007 (1989) ("habeas corpus petitioner must have presented the
substance of his federal constitutional claim to the state
appellate courts so that the state had the first chance to
correct the claimed constitutional error"); see also Baldwin v.
Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365–66
(requiring petitioner to "fairly present" his claim in the
appropriate state courts, including a state supreme court with
powers of discretionary review, thereby alerting that court to
the federal nature of the claim)).  "[T]he exhaustion principle
holds, in general, that a federal court will not entertain an
application for habeas relief unless the petitioner first has
fully exhausted his state remedies in respect to each and every

claim contained within the application." Adelson v. DiPaola, 131
F.3d 259, 261 (1st Cir. 1997).

In the instant petition, Chevalier raises two grounds for
federal habeas corpus relief.  He has not adequately demonstrated
that he presented each claim and the federal nature of each claim
to the NHSC for review.  Accordingly, he has failed to
demonstrate exhaustion of state remedies as to the two claims
raised in his federal petition.  To demonstrate exhaustion of his
claims, Chevalier must provide this court with copies of any
motions, petitions, notices of appeal, briefs and orders and/or
final judgments pertaining to his state court proceedings.  See
Smith v. Digmon, 434 U.S. 332, 333 (1978) (discussing documents
which would enable a federal court to determine whether the
grounds supporting the habeas petition had been presented for
review in the state courts).

The notice of discretionary appeal provided by Chevalier
does not appear to be complete.  Accordingly, he should provide
this court with a complete copy of that appeal filed with the
NHSC in 2006, including the precise issues raised and any
additional documents filed in support of that appeal.  For
example, if Chevalier attached a copy of his motion for new trial

as an exhibit to his appeal, he should indicate this in his amended federal petition.  He may need to return to the state courts to fully present his unexhausted claims and the federal nature of each claim before he can make the required amendment to his federal petition.

II.  Stay

The Supreme Court has held that a district court should stay a habeas corpus petition if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics.  See  Rhines v. Weber, 544 U.S. 269, 278-79 (2005) (permitting a federal district court to stay a federal habeas action and hold the petition in abeyance while the petitioner exhausts claims in state court).  See also Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring) (district court may retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies).  Staying unexhausted claims may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack.  Neverson v. Bissonnette, 261 F.3d 120, 126

n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d 7, 15
n.5 (1st Cir. 2001) (recommending staying exhausted claims where
"there is a realistic danger that a second petition, filed after
exhaustion has occurred, will be untimely").  Accordingly,  to
the extent Chevalier elects to exhaust his unexhausted claims, I
will order the proceedings stayed and the petition held in
abeyance, pending complete exhaustion of state remedies.

### Conclusion

For the reasons stated above and because the claims raised
in the petition have not been exhausted, I will allow Chevalier
an opportunity to amend his petition to demonstrate exhaustion of
state remedies with regard to his claims and the federal nature
of those claims.  To make this showing, he is instructed to
provide the court with a copy of his notice(s) of appeal to the
NHSC and any other relevant state court pleadings, orders or
decisions within thirty (30) days.  If the claims have not been
exhausted, he is ordered to notify the court either (1) that he
is withdrawing the unexhausted claims or (2) that he is
proceeding in state court to exhaust them.

In the event he chooses to exhaust in state court, Chevalier
must commence the state court proceedings within thirty (30) days

of the date of this order.  I will order the proceedings stayed

and the petition held in abeyance, pending complete exhaustion of

state remedies.  The stay will be issued under the following two

conditions:

>    1.  Chevalier is ordered to contact this Court
>    every 90 days, beginning from the date of entry of
>    this order, and inform the court of the status and
>    pendency of his state court proceedings, if any,
>    and the disposition of any appeal or related
>    matter.
>
>    2.  Within 30 days following any ruling and/or
>    notification by the New Hampshire Supreme Court on
>    the claims at issue, and the exhaustion of such
>    claims, Chevalier must notify this Court of the
>    ruling and submit all briefs or other pleadings
>    filed in the state court proceedings; he must also
>    file a request with this Court, stating that his
>    state court matter has been disposed of and that
>    he wishes to terminate the stay and have this
>    Court further consider his petition.

Failure to comply with either condition may result in

dismissal of the petition without prejudice.

   **SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge


Date: August 24, 2007

cc:   Brian R. Chevalier, pro se