UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Brian R. Chevalier

   v.                                      Civil No. 07-cv-236-JL

Warden, Northern New Hampshire
Correctional Facility[1]

**O R D E R**

Pro se petitioner Brian R. Chevalier requests this Court to lift the stay of proceedings and review his amended petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 (document nos. 1 and 5-10). The petition is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings). Also filed is a "Motion

---

[1] The amended petition names the Warden of the Northern New Hampshire Correctional Facility ("NCF") as the respondent in this action. See Habeas Rule 2 (where petitioner is in custody pursuant to a state judgment, the state officer having custody of the petitioner shall be named as respondent).

to Notify the Court" (document no. 10), which is hereby granted. For the reasons stated below, I grant Chevalier's request to lift the stay of proceedings (document no. 9) and order the petition served on the respondent.

## Background

Convicted in October 2004 by the New Hampshire Superior Court (Cheshire County) of class B kidnapping, N.H. Rev. Stat. Ann. § 633:1, Chevalier was sentenced to a term of imprisonment. He is currently incarcerated at the NCF. His direct appeal to the New Hampshire Supreme Court ("NHSC"), which allegedly did not raise claims relevant to this action, was affirmed on March 23, 2006.

Chevalier filed a motion for new trial with the superior court in which he raised the following claims:

1. prosecutorial misconduct whereby the prosecution knowingly and maliciously used false and/or perjured testimony to obtain Chevalier's conviction; and

2. denial of the Sixth Amendment right to effective assistance of counsel at trial when counsel failed to cross-examine the complainant with regard to her false and/or perjured testimony.

The superior court denied the motion for new trial on May 8, 2006 and denied the motion for reconsideration on June 8, 2006.

Subsequently, Chevalier filed a notice of discretionary appeal with the NHSC, however, the record remains silent as to the precise claims raised therein.  The NHSC declined the appeal on August 18, 2006.

On September 25, 2007, Chevalier filed a habeas corpus petition with the New Hampshire Superior Court (Coos County) in which he raised the following federal claims relevant to this action:

1. prosecutorial misconduct whereby the prosecution knowingly and maliciously introduced false and/or perjured testimony in order to obtain Chevalier's conviction, in violation of his Fourteenth Amendment right to due process and his federally protected right to a fair trial; and

2. denial of the Sixth Amendment right to effective assistance of counsel at trial arising from counsel's ineffective cross-examination of the complainant, including the failure to cross-examine the complainant with regard to her false and/or perjured testimony.

The superior court denied the petition on December 14, 2007.  Chevalier raised nearly identical federal claims in a subsequent appeal filed with the NHSC.  The NHSC declined the appeal on February 22, 2008.

In the instant petition, Chevalier alleges the following two grounds for federal habeas corpus relief:

    1.    prosecutorial misconduct whereby the prosecution knowingly used false and/or perjured testimony to obtain Chevalier's conviction, in violation of his Fourteenth Amendment right to due process and his right to a fair trial (Ground 1); and

    2.    denial of the Sixth Amendment right to effective assistance of counsel at trial when counsel failed to cross-examine the complainant with regard to her false and/or perjured testimony (Ground 2).

**Standard of Review**

In reviewing a pro se petition, this Court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

**Discussion**

I.   Custody and Exhaustion

To be eligible for habeas relief, Chevalier must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which

4

exhaustion is not required, such as the absence of an available or effective state corrective process). See 28 U.S.C. § 2254(a) & (b); see also Duncan v. Henry, 513 U.S. 364, 365 (1995). He satisfies the first requirement as he is currently incarcerated at the NCF and thus is in custody. For the reasons stated below, he also satisfies the exhaustion requirement with regard to the two claims raised in his federal petition.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365-66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)). "[T]he exhaustion principle holds, in general, that a federal court will not entertain an

application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

Here, Chevalier raises two grounds for federal habeas relief. In support of his amended petition, he has provided a copy of the notice of appeal filed with the NHSC, which was declined on February 22, 2008. Certain claims raised in that notice of appeal are identical to the federal claims raised in Grounds 1 and 2 of the instant federal petition. Without commenting on the merits of the claims, I conclude that Chevalier has demonstrated exhaustion of Grounds 1 and 2 for purposes of preliminary review.

## Conclusion

For the reasons stated above, I order the petition served on the respondent. See Habeas Rule 4. The respondent shall file an answer or other pleading in response to the allegations made therein. See id. (requiring reviewing judge to order a response to the petition). The Clerk's Office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement On Acceptance Of Service, copies of this order and the

habeas petition (document nos. 1 and 5-10).  Respondent shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of Habeas Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  <u>See</u> Habeas Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: May 6, 2008

cc:   Brian R. Chevalier, pro se